MEMORANDUM *
Tucson police officers James Voss and Richard Legarra appeal the district court’s order granting Tarahawk von Brincken’s motion for partial summary judgment on von Brincken’s 42 U.S.C. § 1983 and state-law false imprisonment claims and denying Voss and Legarra’s motion for summary judgment, which asserted a qualified-immunity defense. We have jurisdiction over the issue of qualified immunity under 28 U.S.C. § 1291, see Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and reverse.
The district court erred when it denied Voss and Legarra’s motion for summary judgment. Voss and Legarra are entitled to qualified immunity unless von Brincken shows “(1) that the official violated a statu *963 tory or constitutional right, and (2) that the right was ‘clearly established’ at the time of the challenged conduct,” Ashcroft v. al-Kidd, 568 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011), which he has not done. An official violates a clearly established right if “every ‘reasonable official would have understood that what he is doing violates that right.’ ” Id. at 741, 131 S.Ct. 2074 (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). In determining whether qualified immunity applies, the Supreme Court has reminded us “not to define clearly established law at a high level of generality.” Id. at 742, 131 S.Ct. 2074. “The general proposition ... that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established.” Id.
An officer in Voss’s position could reasonably believe that Arizona Revised Statutes section 28-3169(A) required that von Brincken produce his driver’s license upon Voss’s demand, and that section 28-622 in turn made von Brincken’s refusal to comply with Voss’s lawful order a misdemean- or.[1] While Voss subjectively believed that von Brincken’s refusal to present his license violated a different statute, section 28-1595(B), an officer’s “subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause,” Devenpeck v. Alford, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004). Because an officer in Voss’s position could reasonably believe von Brincken committed a misdemeanor in his presence, Voss and Legarra could reasonably believe that Voss had the authority to arrest von Brincken, see Ariz. Rev. Stat. § 13-3883(A)(2), and that the arrest would not violate von Brincken’s Fourth Amendment rights, see Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001). Because Voss and Legarra could reasonably believe that their conduct complied with the law, and any unlawfulness was not clearly established (even assuming their conduct was unlawful), they are entitled to qualified immunity. See Pearson v. Callahan, 555 U.S. 223, 244-45, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. To the extent that Voss and Legarra did not argue or brief this argument before the district court, we nonetheless "may consider an issue raised for the first time on appeal” where, as here, “the issue presents a pure question of law that does not depend on the factual record developed below, or the relevant record is fully developed.” Emmert Indus. Corp. v. Artisan Assocs., Inc., 497 F.3d 982, 986 (9th Cir. 2007).